# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 28, 2006

130530

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

WILLIE C. PIPKINS,
          Defendant-Appellant.

SC: 130530
COA: 266136
Muskegon CC: 04-049741-FH

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

_____/

On order of the Court, the application for leave to appeal the January 17, 2006 order of the Court of Appeals is considered and, pursuant to MCR 7.302(G)(1), in lieu of granting leave to appeal, we VACATE the Muskegon Circuit Court's September 22, 2005 order denying defendant's motion for appointment of new appellate counsel. We REMAND this case to the Muskegon Circuit Court for a determination of whether defendant is indigent and, if so, for the appointment of appellate counsel. *Halbert v Michigan,* 545 US __; 125 S Ct 2582; 162 L Ed 2d 552 (2005).

Appellate defense counsel's March 2, 2005 motion to withdraw as appellate counsel and for substitute counsel represented that defendant had requested his withdrawal and that he and defendant differed over pursuit of a frivolous appellate issue, but it did not represent that counsel believed that no non-frivolous issues existed to pursue on appeal. Rather, the motion suggested that non-frivolous, preserved appellate issues existed by stating that:

> [Defendant] made a motion to withdraw his plea at his sentencing, which was denied by the Court. At sentencing, trial counsel objected to the scoring of some disputed guidelines; some objections were granted and others were denied. As such, *this case could have proceeded to the Court of Appeals on the denial of the motion to withdraw and on the guidelines issue but for this new issue over the habitual offender notice.* Yet now, appellate counsel is confronted with a client who refuses to dismiss the appeal, insists on raising [another] issue which appellate counsel finds meritless and Defendant rejects appellate counsel [emphasis supplied].

Thus, the March 14, 2005 circuit court order that granted counsel's motion to withdraw but denied his and defendant's *pro se* requests for substitute appellate counsel could not have been premised on any sustainable finding that all potential appellate issues were frivolous. An indigent defendant was not then entitled to appointed appellate counsel, except in specified circumstances inapplicable here. MCR 6.302(B)(6), 466 Mich lxxxiv-lxxxv (2002); MCR 6.425(E)-(F), 461 Mich cxcix-ccix (2000); and MCL 770.3a(1)-(2). Therefore, the September 22, 2005 circuit court order improperly denied defendant's post-*Halbert* motion for appointed appellate counsel by erroneously finding that "[o]n March 14, 2005, the Court granted appellate counsel's motion to withdraw on the ground that he did not want to file a frivolous appeal and defendant demanded substitute appellate counsel." Even if the March 14, 2005 order was sustainable under then-extant authority, *Halbert* abrogated that authority and defendant was thus deprived of his right to appointed appellate counsel to pursue the non-frivolous issues identified in former appointed appellate counsel's withdrawal motion.

Appointed counsel may file an application for leave to appeal with the Court of Appeals, and/or any appropriate postconviction motions in the trial court, within twelve months of the date of the circuit court's order appointing counsel, as, at the time defendant was denied counsel, he was entitled to file pleadings within twelve months of sentencing rather than six months. See the former versions of MCR 7.205(F)(3), MCR 6.311, and MCR 6.429.

We do not retain jurisdiction.

CORRIGAN, J., dissents and states as follows:

I respectfully dissent from the majority's decision to remand the case for appointment of substitute appellate counsel. When the court appointed appellate counsel, defendant received that which is required by *Halbert v Michigan*, 545 US__; 125 S Ct 2582 (2005). *Halbert* does not require that the court appoint a second appellate attorney because defendant disliked the first. Indigent defendants who receive appointed counsel do not have the right to counsel of their choice. This Court should refrain from recognizing a right that simply does not exist.

The trial court appointed Steve Ramey as appellate defense counsel after defendant pleaded no contest to a charge of third-degree criminal sexual conduct, MCL 750.520d(1)(a), as a fourth-offense habitual offender. Defendant wished to appeal the sentence enhancement, believing that it was flawed. The felony information listed a 1993 conviction that defendant claimed had never occurred. Because the 1993 conviction was irrelevant, given defendant's three other uncontested felonies, Ramey, in the exercise of his professional judgment, declined to raise the sentence enhancement as an appellate issue. Defendant then insisted that Ramey withdraw from representing him.

Ramey moved to withdraw and also sought the appointment of substitute appellate counsel. Within the week, defendant also moved pro se for Ramey's removal and for appointment of substitute appellate counsel under *Halbert*. The trial court granted Ramey's motion to withdraw, but denied Ramey's and defendant's motions for appointment of substitute appellate counsel. The court also stated that it had not considered the 1993 conviction when imposing the sentence enhancement.

In *Halbert*, the Supreme Court held that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." *Halbert*, *supra*, 125 S Ct 2586. As *Halbert* required, the trial court here provided defendant with appointed appellate counsel.

The majority has fundamentally misconstrued *Halbert*. It does not grant an indigent defendant the right to appointed appellate counsel *of his choosing*. This notion is wholly unsupported by *Halbert* and contrary to a subsequent Supreme Court opinion. *Halbert* said nothing about a right to more than one appointed appellate counsel. And the Supreme Court has since reiterated that "an element of [the Sixth Amendment right to counsel] is the right of a defendant *who does not require appointed counsel* to choose who will represent him." *United States v Gonzalez-Lopez*, __US__; 126 S Ct 2557, 2561 (2006), citing *Wheat v United States*, 486 US 153, 159 (1998) (emphasis added). The Supreme Court has thus clarified that the right to counsel of choice does not extend to indigent defendants with appointed counsel.

The trial court here provided defendant with appointed appellate counsel to assist in seeking access to first-tier review. *Halbert's* requirements were thereby met. Defendant, acting of his own volition, then sought counsel's withdrawal. The trial court correctly ruled that "there is no rule in state or federal law which mandates the appointment of two or more appellate counsel to represent an indigent defendant at public expense." I would therefore deny defendant's application for leave to appeal in this Court, because *Halbert* does not entitle an indigent defendant to appointed appellate counsel of his choosing.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 28, 2006

Clerk

s0725